**In re A. Edward McGINTY, Debtor.**

**Bankruptcy No. 90–7062–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 31, 1990.

Mark J. Wolfson, Tampa, Fla., for debtor.

U.S. Trustee, Tampa, Fla., for movant.

ORDER ON UNITED STATES TRUSTEE'S MOTION FOR RECONSIDERATION OF ORDER AUTHORIZING EMPLOYMENT OF COUNSEL

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case commenced by A. Edward McGinty (Debtor) who filed his Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code on July 19, 1990. The Petition was signed by Mark J. Wolfson of the law firm of Rudnick & Wolfe, as counsel of record for the Debtor.

The matter under consideration is a Motion filed by the United States Trustee who seeks a reconsideration of a previous Order entered by this Court on August 2, 1990 which authorized the Debtor to employ the law firm of Rudnick & Wolfe. It is the contention of the United States Trustee that the Order authorizing the employment was improper as a matter of law in that Mark J. Wolfson and his law firm, Rudnick & Wolfe, are not "disinterested persons" within the meaning of that term as defined by Section 101(13)(A) and (E) in that they are insiders and, therefore, the requirements of Section 327 of the Bankruptcy Code have not been complied with and authorization of the employment was improper.

The Court heard arguments of counsel, considered the pertinent part of the record and now finds and concludes as follows:

Shortly after filing the Petition, Mr. Wolfson filed an application on behalf of the Debtor-in-Possession to employ the law firm of Rudnick & Wolfe. The statement of compensation filed pursuant to Bankruptcy Rule 2016(b) indicates that the compensation agreed upon to be paid is "unknown", that the compensation paid prior to the filing is "zero" and the unpaid balance due and payable is "unknown." The Statement of Financial Affairs filed by the Debtor indicates that the Debtor is a practicing attorney and is described as an "income partner" of the law firm of Rudnick & Wolfe. It appears, however, that the Debtor has been and is currently involved in a bitterly fought dissolution of marriage proceeding and during the pendency of that case, he was involuntarily demoted by his law firm, according to his counsel, and is now nothing more than a mere contract partner paid a fixed amount, thus, according to counsel for the Debtor, he is merely a salaried employee of the law firm at this time. Based on this, it is urged that employing his own law firm for whom he works is not improper and does not render the law firm an insider, and in turn the law firm meets the qualifications of a "disinterested person" as defined by Section 327 of the Code. Based on this proposition it is

urged that the authorization of the employment of Mr. Wolfson of the law firm of Rudnick & Wolfe was proper and the Motion for Reconsideration filed by the United States Trustee should be denied. Having heard argument of counsel and having considered the record this Court finds and concludes as follows:

Even assuming for the purpose of discussion that this so-called "involuntary demotion" of the Debtor was a bona fide transaction and he in fact was transformed from his position as a partner of the law firm into a salaried employee, notwithstanding the characterization of his position as an income partner, a proposition this Court is not ready to accept, it is clear that while technically the law firm may not be an insider, it is certainly not a "disinterested person." This is so because the ultimate outcome of this Chapter 11 case certainly has a definite bearing on the relationship between the Debtor and his law firm, and the law firm of Mr. Wolfson would be in a difficult position to conduct a detached objective view of this Chapter 11 case, which is an absolute requirement of an attorney representing a debtor-in-possession in a Chapter 11 case. Based on the foregoing this Court is satisfied that the Motion filed by the United States Trustee is well taken.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Reconsideration of the Order entered August 2, 1990 be, and the same is hereby, granted and upon reconsideration, the Order authorizing the employment of Mark J. Wolfson of the firm Rudnick & Wolfe be, and the same is hereby, set aside and vacated. It is further

ORDERED, ADJUDGED AND DECREED that the Debtor may, if so deemed to be advised, engage the services of counsel by a properly submitted application in compliance with Section 327 of the Bankruptcy Code and Bankruptcy Rule 2016(b).

DONE AND ORDERED.